Angelo A. Stio III
Melissa A. Chuderewicz
**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
Suite 400
301 Carnegie Center
Princeton, NJ 08543-5276
(609) 951-4125
*angelo.stio@troutman.com*
*Attorneys for Defendant Enformion LLC and Enformion Holdco, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* JANE DOE-1, *a law enforcement officer,* JANE DOE-2, *a law enforcement officer,* EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV, | (Electronically Filed) CIVIL ACTION |
| | |
| | Civil Action No. _____ |
| Plaintiffs, | State Court Docket No. BER-L-000767-24 |
| v. | |
| ENFORMION, LLC, ENFORMION HOLDCO INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,* | |
| Defendants. | |

### D.N.J. LOCAL RULE 10.1 STATEMENT

The plaintiffs in this action are Atlas Data Privacy Corporation, Jane Doe-1, Jane Doe-2,

Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, and Peter Andreyev.

The address for Atlas Data Privacy Corporation is 201 Montgomery Street, Suite 263,

Jersey City, New Jersey 07302.

The remaining plaintiff addresses are unknown to Enformion, which is filing this Notice of Removal.

Plaintiffs are represented by Rajiv D. Parikh and Kathleen Barnett Einhorn of Genova Burns LLC, 494 Broad Street, Newark, NJ 07012, Mark C. Mao, James Lee, Adam Shaw, and Melissa Zonne of Boies Schiller Flexner LLP, 44 Montgomery St., 41st Floor San Francisco, CA 94104, and John A. Yanchunis and Ryan J. McGee of Morgan & Morgan Complex Litigation Group, 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

The defendants in this action are Enformion, LLC and Enformion Holdco, Inc., which are represented by Angelo A. Stio, III and Melissa A. Chuderewicz of Troutman Pepper Hamilton Sanders LLP, 301 Carnegie Center, Suite 400, Princeton, NJ 08540.

## NOTICE OF REMOVAL

 PLEASE TAKE NOTICE that Enformion, by and through undersigned counsel, Troutman Pepper Hamilton Sanders LLP, and pursuant to 28 U.S.C. § 1441, hereby removes this action from the Superior Court of New Jersey, Law Division, Bergen County to the United States District Court for the District of New Jersey.  The grounds for removal are as follows:

1.      On February 6, 2024, plaintiffs Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and Jane Does 1-2 (collectively, the "Individual Plaintiffs") and Atlas Data Privacy Corporation ("Atlas") (collectively with the Individual Plaintiffs, "the Plaintiffs") filed a complaint ("Complaint") against Enformion in the Superior Court of New Jersey, Law Division, Bergen County (the "Superior Court").  Atlas purports to be the "assignee" of the claims of more than 19,000 "Covered Persons" under New Jersey's Daniel's Law, N.J.S.A. 47:1A-1, *et seq.*, and N.J.S.A. 56:8-166.1.

2.      Enformion was served with copies of the Summons and the Complaint on

February 27, 2024.  Pursuant to 28 U.S.C. § 1446(a), the (1) Summons, (2) Complaint, (3) Case

Information Statement, (4) Track Assignment Notice, (5) Document Preservation Letter, (6) First

Request for the Production of Documents, and (7) First Set of Interrogatories constitute all the

process, pleadings, and orders served upon Enformion in this Action.  True and correct copies of

those documents are attached as **Exhibit A**.

3.      In Count I of the Complaint, Plaintiffs assert claims against Enformion for

violations of N.J.S.A. 47:1A-1, *et seq.*, and N.J.S.A. 56:8-166.1, based on a claimed failure to

timely process requests to not "disclose" their addresses and/or unpublished telephone numbers.

*See* Compl., Ex. A ¶¶ 58–64.

4.      Plaintiffs allege that they are each entitled to recover from Enformion "actual

damages not less than liquidated damages under Daniel's Law, at $1,000 per violation," along

with punitive damages; attorneys' fees, interest (pre- and post-judgment), and litigation costs.

*See id.* ¶ 64.

5.      Plaintiffs also each allege that they are entitled to "injunctive relief" with respect

to the "protected information" of each "Individual Plaintiff" and each unnamed "Covered

Person."

6.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed with this

Court within thirty (30) days of Enformion's receipt "through service or otherwise, of a copy of

the initial pleading setting forth the claim for relief upon which such action or proceeding is

based."

7.      This case is removable pursuant to 28 U.S.C. §§ 1332, 1367, and 1441(a)

because: (1) this case satisfies the Class Action Fairness Act's ("CAFA") "class action"

requirements; (2) in the alternative, this case meets CAFA's "mass action" requirements; and (3) in the alternative, complete diversity of citizenship exists between the real parties in interest and the amount in controversy exceeds $75,000, exclusive of interest and costs, for at least one Plaintiff.

## I.   CAFA "CLASS ACTION" JURISDICTION

10.   Under 28 U.S.C. § 1332(d), a district court has jurisdiction over a "class action" in which: (1) the amount in controversy exceeds the sum or value of $5 million (the "amount in controversy" requirement); and (2) any member of a class of plaintiffs is a citizen of a state different from any defendant (the "minimal diversity" requirement).  *Id.*

### A.   This is a "class action" within the meaning of CAFA

11.   28 U.S.C. § 1332(d)(1)(B) defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  *Id.*

12.   "CAFA does not require . . . exactitude."  *W. Virginia ex rel. McGraw v. Comcast Corp.*, 705 F. Supp. 2d 441, 453 (E.D. Pa. 2010).  Rather, under 28 U.S.C. § 1332(d), a district court has jurisdiction in an action "brought pursuant to any rule sufficiently similar to Rule 23," *or* if there is "any rule that would [] permit" such a suit "to be brought as a class action under [state] law."  *Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 160 (3d Cir. 2013).  "Failing to affix 'class action' to a pleading" cannot "deprive [the district court] of jurisdiction" under CAFA.  *Id.*

13.   If courts "interpreted 'any civil action filed under Rule 23' or a state-law analogue to refer only to cases that specifically mention Rule 23 or a state law analogue," then "a plaintiff

-4-

could avoid federal jurisdiction for a lawsuit that resembles a class action in all respects simply

by omitting from the complaint the name of the rule or statute under which she proceeds."

*Williams v. Employers Mutual Casualty Company, et al.*, 845 F.3d 891, 901 (8th Cir. 2017).

"[A]llowing class-action plaintiffs to avoid federal jurisdiction simply by omitting explicit

reference to the class-action rule they intend to proceed under would promote the kind of

procedural gaming CAFA was enacted to prevent." *Id.*

14.     This case meets all the requirements of a class action in New Jersey, and it *is* a

class action in substance.

15.     New Jersey Court Rule 4:32 provides that "[o]ne or more members of a class may

sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that

joinder of all members is impracticable, (2) there are questions of law or fact common to the

class, (3) the claims or defenses of the representative parties are typical of the claims or defenses

of the class, and (4) the representative parties will fairly and adequately protect the interests of

the class."

16.     Atlas claims that more than 19,000 Covered Persons "assigned" their claims to

Atlas and therefore Atlas is purportedly suing in its individual capacity.  However, Atlas is

acting as the purported representative of a class of more than 19,000 unnamed Covered Persons,

rendering this case a "class action" under CAFA for two reasons.

17.     First, Atlas is seeking injunctive relief and a court order requiring Defendants to

"comply with Daniel's Law, and remove the Individual Plaintiffs' and the Covered Persons'

protected information wherever disclosed."  Compl., Ex. A ¶ 64.  Atlas – a corporate entity that

would not constitute a "Covered Person" under Daniel's Law – cannot benefit from an injunction

or court order requiring Enformion remove the protected information of third-party individuals.

Therefore, Atlas is plainly seeking relief on behalf of its purported "assignors" in a "representative" capacity.  N.J. Ct. R. 4:32.

18.    Second, removal cannot be defeated based on an "apparent assignment of claims." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 3723.1 (Rev. 4th ed.) ("Wright & Miller").  And Atlas's purported "assignment" is, at most, a representation agreement.

19.    Daniel's Law defines an "assignee" as "a person or entity to whom or which an authorized person has assigned, in writing, a covered person's right to bring a civil action *for a violation of*" Daniel's Law.  N.J. Stat. § 56:8-166.1 (emphasis added).

-7-

21.    The remaining requirements of New Jersey Court Rule 4:32 are satisfied, as Atlas purports to represent more than 19,000 Covered Persons with purportedly common claims and overlapping facts.  *See* N.J. Ct. R. 4:32.

22.    Therefore, CAFA's requirement that there exist a state "rule that would . . . permit" this lawsuit "to be brought as a class action under [state] law" is satisfied.  *Erie Ins. Exch.*, 722 F.3d at 160.

**B.    Amount in controversy**

23.    CAFA requires the amount in controversy exceed $5 million. 28 U.S.C. § 1332(d).  Plaintiffs allege each Individual Plaintiff, and more than 19,000 unnamed Covered Persons, is entitled to actual damages of "not less than" $1,000.  *See* Compl., Ex. A ¶ 64. Therefore, the amount in controversy as to the claim for actual/liquidated damages *alone* is more than $19 million, far exceeding the CAFA amount in controversy threshold of $5 million.

**C.    Minimal diversity**

25.    Finally, there is minimal diversity between Plaintiffs and Enformion.

26.    For purposes of determining diversity, a corporation is deemed to be a citizen of: (1) any state where it is incorporated; and (2) the state in which it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  Enformion Holdco, Inc.'s principal place of business is in California, and it is incorporated in Delaware.

27.     A limited liability company's citizenship for diversity purposes is determined by the citizenship of its members. *See Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337, 348 (3d Cir. 2013).  Enformion LLC's sole member is B2B Midco, LLC, the sole member of which is B2B Newco, LLC, whose members are three corporations – RSM Holdco, Inc., Enformion Holdco, Inc., and Tracers Information Specialists Holdco, Inc.,  each of which is a Delaware corporation with a principal place of business in California – Amber Higgins, a citizen of California, and Rob Miller, a citizen of Nevada.  For purposes of diversity, therefore, Enformion LLC is a citizen of California, Nevada, and Delaware.

28.     One or more of the Individual Plaintiffs purport to be citizens of New Jersey.  *See* Compl., Ex. A ¶¶ 15-23.  CAFA's class action minimal diversity of citizenship requirement is, therefore, also satisfied.  *See* 28 U.S.C. § 1332(d).

## II.     CAFA "Mass Action" Jurisdiction

28.     Even if the Court determines that the case could not have been brought as a class action under New Jersey Court Rule 4:32 for purposes of CAFA class action jurisdiction, Atlas's claims are removable under CAFA's "mass action" provision.

29.     CAFA defines a "mass action" as any civil action "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."  28 U.S.C. § 1332(d)(11)(B)(i).  A district court has "mass action" jurisdiction under CAFA over any of those 100 or more "plaintiffs whose claims in a mass action satisfy the jurisdictional amount" of $75,000.  *Id.*

30.     Even if Atlas's purported "assignments" were effective, the claims of more than 19,000 unnamed Covered Persons constitute "claims of 100 or more persons" that are "proposed to be tried jointly."  28 U.S.C. § 1332(d)(11)(B)(i).  That is because, to prevail in this case, each

of the more than 19,000 unnamed Covered Persons will have to prove at trial: (1) that they are "Covered Persons" under Daniel's Law; (2) Enformion failed to comply with Daniel's Law; and (3) they were harmed by Enformion's alleged violations and can therefore recover monetary damages. N.J. Stat. § 56:8-166.1. There are, therefore, far more than 100 "claims" to be tried in this action.

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

32.    Further, because "the assignee steps into the shoes of the assignor" 29 Williston on Contracts § 74:56 (4th ed. 1999), any defenses that could be asserted against the unnamed parties in interest can also be asserted against Atlas, including "defenses based on where and how the claims may be prosecuted." *Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*, No. 06-0620, 2020 WL 5211035, at *11 (E.D. Pa. Sept. 1, 2020). The assignors are therefore "persons" whose "monetary relief claims . . . are proposed to be tried jointly" as required by the CAFA mass action provision.

33.    Additionally, as noted above, this lawsuit seeks injunctive relief for each of the Individual Plaintiffs and more than 19,000 unnamed Covered Persons. That claimed injunctive relief would apply only to individuals and their claimed "protected information" under Daniel's Law, and not to Atlas (a corporation), meaning (again) that there are "claims of 100 or more persons" to be tried in this action.

34.    Finally, Atlas claims an entitlement to the proceeds of the than 19,000 unnamed Covered Persons, ████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████ Thus, the amount in controversy as to Atlas far exceeds the

$75,000 amount in controversy for purposes of CAFA mass action jurisdiction, meaning that

Atlas's claims can be removed. For the reasons set forth in Section III below, the claimed value

of each unnamed Covered Person's claim also exceeds $75,000, meaning that their claims can

also be removed under CAFA mass action jurisdiction.

### III.    JURISDICTION UNDER 28 U.S.C. § 1332

35.    This Court can also exercise diversity jurisdiction over this case under 28 U.S.C.

§ 1332(a), whereby a district court shall have original jurisdiction over a civil action when the

matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is

between citizens of different states. *Id.*

36.    For purposes of determining diversity, a corporation is deemed to be a citizen of:

(1) any state where it is incorporated; and (2) the state in which it has its principal place of

business. *See* 28 U.S.C. § 1332(c)(1). However, "[i]n determining whether there is diversity

jurisdiction, a district court must consider the citizenship of defendants who are 'real and

substantial parties to the controversy.'" *Walsh v. Defs., Inc.*, 894 F.3d 583, 589 (3d Cir. 2018)

(quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980)).

37.    Atlas, like Enformion, is registered in Delaware. However, that Delaware

registration can be disregarded under § 1332(a), as Atlas is a mere purported *partial* assignee of

claims by New Jersey citizens, and Atlas is operating on a contingency-fee basis as their

purported attorney-in-fact. Wright & Miller § 3641, 3 ("[A] number of federal courts have

refused to ignore the possibility that a plaintiff may have engaged in a collusive attempt to

manipulate the forum for a particular lawsuit and have retained removed cases on the basis of

diversity jurisdiction after they have inquired into the validity of a state law transaction."); *see also Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 597 (9th Cir. 1996) (holding that courts are "sensitive to and concerned by manipulations of their jurisdiction with partial assignments which lack reality and amount to no change in the identity of the party with the real interest in the outcome of the case"); *Grassi v. Ciba-Geigy, Limited*, 894 F.2d 181, 185 (5th Cir. 1990) (affirming diversity jurisdiction due to collusive assignment, and holding that courts have "both the authority and responsibility . . . to examine the motives underlying a partial assignment which destroys diversity and to disregard the assignment in determining jurisdiction if it be found to have been made principally to defeat removal."); *JMTR Enterprises, L.L.C. v. Duchin*, 42 F. Supp. 2d 87, 90 (D. Mass. 1999) ("Under these circumstances, the assignment of this fractional interest should not have the effect of depriving . . . the noncitizen, of the federal forum which Congress has provided."). Therefore, Atlas is not a real party in interest, and its citizenship can be disregarded. *See id.*

38.    For purposes of determining diversity, a natural person is deemed to be a citizen of the state of domicile, which is generally defined as "the place where that individual has a true, fixed home and principal establishment, and to which, whenever that person is absent from the jurisdiction, he or she has the intention of returning." 13E Fed. Prac. & Proc. Juris. § 3612 (3d ed.). Factors to be considered in determining the state of domicile include a presumption "that a person's current residence is also his domicile," and "voter registration and voting practices," "place of employment or business" "as well as several other aspects of human life and activity." *Id.*

39.    Plaintiff Jane Doe-1 alleges in the Complaint that she is a "police officer working in Northern New Jersey." *See* Compl., Ex. A ¶ 15. As an active law enforcement officer,

Plaintiff Jane Doe-1's primary residence must be in the State of New Jersey, as required by

N.J.S.A. 52:14-7 and N.J.S.A. 40A:14-122.8.  Accordingly, Jane Doe-1 is therefore a citizen of

New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

40.     Plaintiff Jane Doe-2 alleges that she is "a veteran correctional police officer who

lives in Northern New Jersey."  *See id*. ¶ 16.  Pursuant to N.J.S.A. 52:14-7 and N.J.S.A. 40A:14-

122.8, all law enforcement officers must have their principal residence in the State of New

Jersey. Jane Doe-2 is therefore a citizen of New Jersey for federal diversity purposes under 28

U.S.C. § 1332(a)(1).

41.     Plaintiff Edwin Maldonado ("Maldonado") alleges he was a patrol officer for the

City of Plainfield, and later a detective with Plainfield's major crimes unit.  *See id*. ¶ 17.

Plaintiff Maldonado's LinkedIn page states that he currently works as a police detective for the

Union County Prosecutor's Office.  A true and correct copy of a screenshot of Plaintiff

Maldonado's publicly available LinkedIn page, captured on March 11, 2024, is attached

herewith to the Declaration of Angelo A. Stio III ("Stio Declaration") as **Exhibit 2**.  Pursuant to

the New Jersey First Act, N.J.S.A. 52:14-7 (L. 2011, Chapter 70), all active law enforcement

officers must have their principal residence in the State of New Jersey.  Plaintiff Maldonado is

therefore a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

42.     Plaintiffs Scott Maloney and Justyna Maloney ("the Maloneys") allege they are

"both veteran police officers currently serving with the Rahway, New Jersey Police Department"

who "live together in New Jersey."  *See* Compl., Ex. A ¶ 18.  Pursuant to the New Jersey First

Act, N.J.S.A. 52:14-7 (L. 2011, Chapter 70), all active law enforcement officers must have their

principal residence in the State of New Jersey.  The Maloneys are, therefore, citizens of New

Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

43.     Plaintiff Patrick Colligan ("Colligan") alleges that he is a thirty-two-year veteran of the Franklin Township, Somerset County, New Jersey police department.  *See id*. ¶ 22. Plaintiff Colligan is listed, as of March 10, 2024, as a Police Detective on the website for the Franklin Township Police Department.  A true and correct copy of a screenshot of the Franklin Township Police Department's publicly available webpage, listing Defendant Colligan's employment status as of March 10, 2024, is attached herewith to the Stio Declaration Declaration") as **Exhibit 3**.  Pursuant to the New Jersey First Act, N.J.S.A. 52:14-7 (L. 2011, Chapter 70), all active law enforcement officers must have their principal residence in the State of New Jersey.  Plaintiff Colligan is therefore a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

44.     Plaintiff Peter Andreyev ("Andreyev") alleges that he is a thirty-two-year veteran of the Point Pleasant, New Jersey police department.  *See* Compl., Ex. A ¶ 23.  Plaintiff Andreyev's LinkedIn page states that he currently works as a police officer for the Point Pleasant Beach Police Department.  A true and correct copy of a screenshot of Plaintiff Andreyev's publicly available LinkedIn page, captured on March 11, 2024, is attached herewith to the Stio Declaration as **Exhibit 4**.  Pursuant to the New Jersey First Act, N.J.S.A. 52:14-7 (L. 2011, Chapter 70), all active law enforcement officers must have their principal residence in the State of New Jersey.  Plaintiff Andreyev is therefore a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

45.     Defendants Richard Roes, 1–10, are identified in the Complaint as "fictious names of unknown individuals," and as such, their citizenship may be disregarded for the purposes of removal under binding Third Circuit precedent.  28 U.S.C. § 1441(a); *Abels v. State*

*Farm Fire & Cas. Co.*, 770 F.2d 26, 37 (3d Cir. 1985) ("In determining whether diversity jurisdiction exists, the citizenship of purely 'nominal' parties may be disregarded.").

46.    Defendants ABC Corporations, 1–10, are identified in the Complaint as "fictitious names of unknown entities," and as such, their citizenship may be disregarded for the purposes of removal.  *See Abels*, 770 F.2d at 37.

47.    Enformion Holdco, Inc. is a Delaware corporation with its principal place of business located at 1915 21st Street, Sacramento, California 95811.  As stated above, Enformion LLC is a citizen of California, Nevada, and Delaware.  Enformion is, therefore, a citizen of California, Nevada, and Delaware for purposes of 28 U.S.C. § 1332(a)(1).

48.    Because Plaintiffs are deemed citizens of New Jersey and Enformion is deemed a citizen of California, Nevada, and Delaware, complete diversity of citizenship exists between the parties in this Action.

### A.    Amount in Controversy

48.    While Plaintiffs' Complaint does not expressly seek a specific monetary judgment amount against Enformion, it is apparent from the face of the Complaint that the amount in controversy is well in excess of $75,000, exclusive of interest and costs.

49.    Atlas alleges it is entitled to the recoveries of the more than 19,000 unnamed Covered Persons, including its claim of $1,000 in actual/liquidated damages for each such individual.  *See* Compl., Ex. A ¶¶ 25, 64.  Thus, with respect to the claims for actual/liquidated damages *alone*, Atlas claims an entitlement to damages of more than $19 million, which well exceeds the required $75,000 threshold.

50.    In addition to Atlas, seven Individual Plaintiffs assert claims against Defendants for alleged violations of Daniel's Law.  *Id.* ¶ 58.  Daniel's Law states that the Court may award

"actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act." N.J.S.A. 56:8-166.1c(1). Daniel's Law also provides that a Court may award "punitive damages upon proof of willful or reckless disregard of the law." N.J.S.A. 56:8-166.1c(2). Plaintiffs have asked the Court to award such damages for "willful noncompliance" with Daniel's Law, without limitation. Compl., Prayer for Relief. Under New Jersey law, a plaintiff can seek punitive damages in amount up to "five times the liability of that defendant for compensatory damages or $350,000, *whichever is greater.*" N.J.S.A. 2A:15-5.14b (emphasis added). Hence, the Individual Plaintiffs also are seeking in excess of $75,000 based on their claimed damages alone. *See, e.g.*, *Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 563 (D.N.J. 2009) (citing N.J.S.A. 2A:15-5.14(b) to note that New Jersey law allows punitive damages up to five times the amount of compensatory damages, and noting as such in affirming satisfaction of amount in controversy).

51.     The Individual Plaintiffs also are seeking their attorneys' fees, a claim for recovery that is generally regarded as seeking 30 percent of the compensatory and/or punitive damages alleged. *See, e.g., Ciccone v. Progressive Specialty Ins. Co.*, 2020 WL 7319777, at *4 (M.D. Pa. Dec. 11, 2020) (including attorneys' fees in the amount of 30 percent of the total of plaintiff's compensatory and treble damages to find that plaintiff's individual claims met the amount in controversy). As outlined above, the Complaint plausibly alleges compensatory damages and punitive damages that already far exceed the $75,000 threshold for each individual plaintiff. But those amounts can also be increased by an additional 30%, thus further satisfying the claimed amount in controversy.

52.     Finally, in the event the claims of the Individual Plaintiffs do not each exceed $75,000, the district court has supplemental jurisdiction over each of the Individual Plaintiff's

claims, because their claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367.

## IV.    ALL OTHER GROUNDS FOR REMOVAL ARE SATISFIED

53.    Plaintiffs' Complaint is properly removable to this Court pursuant to 28 U.S.C. § 1441.

54.    This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

55.    This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a).  The District of New Jersey embraces the Superior Court of New Jersey, Law Division, Bergen County, the forum in which the removed action was pending.

56.    In accordance with 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Enformion will give written notice of this Notice of Removal to Plaintiffs.  Enformion also will file a true copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Chancery Division, Bergen County.

WHEREFORE, Defendant Enformion removes this action to the United States District Court for District of New Jersey.

## D.N.J. LOCAL CIVIL RULE 11.2 STATEMENT

Pursuant to Local Rule 11.2, the undersigned counsel, on behalf of Defendants Enformion, LLC and Enformion Holdco, Inc. (together, "Enformion") certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

-17-

Dated:  March 22, 2024

Respectfully submitted,

*s/ Angelo A. Stio III*
Angelo A. Stio III

**TROUTMAN PEPPER
  HAMILTON SANDERS LLP**
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
(609) 452-0808
angelo.stio@troutman.com

*Attorneys for Defendant Enformion LLC and
Enformion Holdco, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2024, the foregoing was filed electronically. Notice of this filing will be sent to the below listed attorneys of record by operation of the Court's electronic filing system. The parties may access this filing through the Court's system. A copy was also served via U.S. mail:

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
494 Broad Street
Newark, New Jersey 07102
Tel.: (973) 533-0777
rparikh@genovaburns.com
keinhorn@genovaburns.com

**BOIES SCHILLER FLEXNER LLP**
Mark Mao (*pro hac vice* to be filed)
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com

*Attorneys for Plaintiffs Atlas Data Privacy Corporation, Jane Doe-1, a law enforcement officer, Jane Doe-2, a law enforcement officer, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan*

*/s/ Angelo A. Stio III, Esq.*
Angelo A. Stio III, Esq.